# JOSÉ A. GONZALEZ ET AL.

*v.*

# NORBERTO IRIZARRY Y BALLESTE.

Mayaguez, Law, No. 168.

1. Defendant assigned to plaintiff's predecessor in interest part of a mortgage; plaintiff sued, alleging that the transfer was intended as a guaranty, but failed to set out what had become of the mortgage, and introduced no proof but the recitals of the mortgage and assignment. Judgment for defendant.

2. An assignor who does not make himself liable for the solvency of his debtor is not liable to the assignee, as an indorser or otherwise.

Opinion filed August 27, 1906.

*Messrs. Horton & Cornwell,* attorneys for plaintiffs.

*Salvador Mestre, Esq.,* attorney for defendant.

RODEY, Judge, delivered the following opinion:

On February 1, 1906, the docket entry in this case shows that both parties agreed to submit the same to the court, waiving a jury trial, and briefs to be filed within thirty days. The briefs were so filed thereafter, and that for the plaintiffs sets forth that: "By agreement of the attorneys the case was submitted to the court on briefs, on the pleadings, without introduction of any evidence, except the transfer of mortgage, which is an exhibit of the plaintiffs, and a part of the complaint;

Gonzalez v. Irizarry y Balleste.

therefore, the only facts before the court for consideration are those facts which are set out in the mortgage transfer."

The proceeding is a very curious one. It appears to be a suit at law, or, in other words, a plain suit in assumpsit for 3,208 pesos, current money before American occupation, although the judgment asked for is its present equivalent in American currency, to wit, $1,924.80. The declaration in the case sets out that on the 31st day of August, 1896, the defendant acknowledged himself indebted to the plaintiffs' predecessor in interest, the mercantile firm of Moral Gonzalez & Company, in the sum mentioned, and alleged that he secured the same by an assignment of an equal amount in an interest-bearing mortgage for 5,000 pesos that was then slightly overdue to him from Pedro Acevedo y Rodriguez. The plaintiffs file a translation of the original mortgage, indorsements, etc., and assignment, as exhibits to the declaration. There is no allegation making any other reference to this assignment of mortgage. It is simply ignored. Nothing is said as to whether it was foreclosed, or what was done with it. The declaration is not sworn to, and therefore is not evidence for any purpose, as the plea or answer denies it.

We have examined the mortgage and its assignment, and, as is contended for in the brief of the defendant, can find nothing in it that indicates he transferred or assigned the said interest in it for any consideration other than cash received at the time, which the assigning instrument states he received. There is nothing in the instrument to show that the assignee has any recourse against the assignor whatsoever.

The brief for the defendant refers to the statute of limitations, which is also set out in his plea or answer, that § 1530 of the old Spanish Code, which was in force at the time the assignment was made, and which was incorporated in the new Code as

Gonzalez v. Irizarry y Balleste.

§ 1433, and is in force now, reads as follows: "If the assignor in good faith should have made himself liable for the solvency of the debtor, and the contracting parties have not stipulated anything in regard to the duration of the liability, it shall last one year only, to be counted from the assignment of the credit, if the period had already matured."

In the absence of anything else, this statute would bar plaintiffs' right of recovery here; but, as stated, there is nothing in the transfer of this interest in this mortgage to show that it was assigned "with recourse," and therefore it must be held to have been "without recourse," even if, as a matter of fact, it was given as security for a pre-existing debt. But there is nothing before the court to show that fact; moreover, the mortgage itself shows the contrary.

We cannot see how this plaintiff can remain vested with a legal assignment of a large portion of a mortgage with a presumptive right to foreclose it, and still try to recover from this defendant. If he is suing on a plain account stated, he should have said so in his declaration and introduced some proof to show that fact. If he has a remedy against Mr. Pedro Acevedo Rodriguez or a right to sell the lands mentioned in the mortgage, not yet barred, he can still pursue that, and if, by his own negligence, he has lost any rights he had in that behalf, we cannot see that the defendant is responsible therefor. It is not deemed necessary to quote any authorities to sustain the proposition set forth in these views.

Judgment will therefore be entered for the defendant, with costs.